UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SEAN A. CHANG,

Plaintiff,

-against-

CO LOCKHARD; CO GREEN,

Defendants.

26-CV-9850 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is currently incarcerated at Rikers Island, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Plaintiff fell and injured himself because he was only escorted by one correction officer, rather than the required two. For the following reasons, the complaint is dismissed.

Plaintiff has submitted to this court a substantially similar complaint against Defendants alleging the same set of facts where Plaintiff was only escorted by one correction officer. That case is pending before this Court under docket number 26-CV-9851 (LTS).[1] Because this complaint raises the same claims, no useful purpose would be served by the filing and litigation of this duplicate lawsuit. Therefore, this complaint is dismissed without prejudice to Plaintiff's pending case under docket number 26-CV-9851 (LTS).

In light of the Court's belief that Plaintiff may have submitted this duplicate complaint in error, the Court directs the Clerk of Court not to charge Plaintiff the $350.00 filing fee for this action, and the Warden or Superintendent having custody of Plaintiff shall not deduct or encumber funds from Plaintiff's prison trust account for this lawsuit.

---

[1] While ordinarily this court would dismiss the second-filed complaint, in this instance the first-filed complaint was not accompanied by a complete *in forma pauperis* (IFP) application and prisoner authorization. Thus, rather than proceed with a deficient complaint, this court proceeds with Plaintiff's second-filed complaint, No. 26-CV-9850 (LTS).

**CONCLUSION**

The Court dismisses Plaintiff's complaint as duplicative of No. 26-CV-9851 (LTS).

The Court directs the Clerk of Court not to charge Plaintiff the $350.00 filing fee for this action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter a civil judgment in this action.

SO ORDERED.

Dated: November 19, 2026
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge